■ In the Matter of SELMA ELLISON, Appellant, against CHARLES ABRAMS, as State Rent Administrator, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Cox, JJ.

■ In the Matter of 100 E. 57TH ST. CORP., Appellant-Respondent, against TAX COMMISSION OF THE CITY OF NEW YORK, Respondent-Appellant.— Order unanimously affirmed. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Cox, JJ.

■ CATHERINE M. POLLACK, Individually and as Executrix of LEONARD W. POLLACK, Deceased, Respondent, v. EUGENE M. PLETCHER, Appellant.— Order, so far as appealed from, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, J. P., Rabin, Frank, Valente and Bergan, JJ.

■ RITTER BROS., INC., Respondent, v. DANIEL M. RITTER, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Rabin, J. P., Frank, Valente and Bergan, JJ.

■ PORT OF NEW YORK AUTHORITY, Respondent, v. ALLEN N. SPOONER & SON, INC., Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur —Botein, J. P., Rabin, Frank, Valente and Bergan, JJ.

■ BORIS GARFINKEL, Respondent, v. LIZA P. GARFINKEL, Appellant.— Defendant appeals from an order granting plaintiff's motion to examine her before trial. The action is to annul the marriage of the parties upon the ground that it was induced by fraud. The New York County Supreme Court Trial Term Rules (rule XI, subd. 6) provide: " Thus, in matrimonial actions, * * * where examinations are not favored on the ground of public policy * * * the party seeking the examination of the adverse party will be obliged to establish special circumstances in order to obtain the examination." The movant has failed to demonstrate any special circumstances. The complaint alleges the cause of action in general terms and the affidavits in support of the application are perfunctory. From the record, it is evident that no special circumstances exist in this case. Plaintiff relies upon two Special Term decisions (*Kotopoulos* v. *Kotopoulos,* 53 N. Y. S. 2d 932; *Segal* v. *Segal,* 102 N. Y. S. 2d 772) and argues that the rule against general examinations in matrimonial actions does not appear to be so strictly limited in actions for annulment. We know of no such exception and it is not evident from the rule. Moreover, special circumstances were present in the cited cases. Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion denied. Concur — Botein, J. P., Rabin, Frank, Valente and Bergan, JJ.

■ BETTY BLUMENTHAL, Appellant, v. IRVING BLUMENTHAL, Respondent. -- Order unanimously affirmed, with $20 costs and disbursements to respondent. No opinion. Concur — Botein, J. P., Rabin, Frank, Valente and Bergan, JJ.

■ SARAH M. HURWITZ, Respondent, v. SAMUEL HURWITZ, Appellant.— The parties to this action are in such circumstances that the fixing of alimony, counsel fee and amount of support for the child, may and should await final determination of the action for separation. This will work no hardship and at such time, any award made for any or all of the items will be retroactive. We assume, of course, that defendant will continue to pay $75 weekly, the amount which was fixed in the order of the Domestic Relations Court. Order unanimously reversed, with costs to abide the event, and the questions of alimony, counsel fee and amount of support for the child are left for the trier of the facts. Settle order on notice. Concur — Botein, J. P., Rabin, Frank, Valente and Bergan, JJ.